IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BLANCA MONICA VILLARREAL,<br>  Plaintiff,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE<br>COMPANY, AND DILIGENCE<br>INTERNATIONAL GROUP, LLC,<br>  Defendants. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant Transamerica Life Insurance Company ("Transamerica") files this Notice of Removal and in support thereof shows the Court as follows:

### I. BACKGROUND

1. On September 18, 2017, Plaintiff Blanca Monica Villarreal ("Plaintiff") filed an Original Petition and Request for Disclosure ("Original Petition") in the 55th Judicial District Court of Harris County, Texas as Cause No. 2017-61697, initiating the action styled *Blanca Monica Villarreal v. Transamerica Life Insurance Company and Diligence International Group, LLC* (the "State Court Action").

2. Transamerica was served with the Original Petition and citation by certified mail on September 27, 2017. In the Original Petition, Plaintiff asserts claims related to a life insurance policy owned by her alleged deceased husband with a benefit of $10,000,000. Transamerica's deadline to answer the Original Petition has not yet occurred. It will file its answer pursuant to the Federal Rules of Civil Procedure.

### II. REMOVAL IS TIMELY

3. Transamerica was served with the Citation and Original Petition on September 27, 2017. Defendant Diligence International Group, LLC ("Diligence") has not yet been served with

the Original Petition and citation. Therefore, Transamerica's removal is timely filed within 30 days of service of the initial pleading filed in this matter. 28 U.S.C. § 1446(b)(2)(B).

### III. GROUNDS FOR REMOVAL

4. The State Court Action may be removed to this Court under 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction over the claims and relevant parties. Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.   Plaintiff and Defendants Are Completely Diverse.**

5. Plaintiff is now, and was at the time this action was filed, a citizen of Mexico City, Mexico. (*See* Original Petition, ¶ 1.) Indeed, Plaintiff alleges in the Original Petition that she resides in Mexico City, Mexico. (*Id.*). Plaintiff is therefore a citizen of Mexico.

6. Transamerica is a life insurance company organized under the laws of Iowa, with its principal place of business in Cedar Rapid, Iowa. It is therefore a citizen of Iowa. In the Fifth Circuit, "the citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Diligence is a Texas limited liability company, and thus is a citizen of every state of which its members are citizens. *Id.* The sole member of Diligence is Richard J. Marquez, an individual who is a citizen of Texas. Diligence is therefore a citizen of Texas.

7. Given that Plaintiff is a citizen of Mexico, Transamerica is a citizen of Iowa and Diligence is a citizen of Texas, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.   The Amount in Controversy Exceeds $75,000.**

8. In this case, the amount in controversy exceeds $75,000, exclusive of interest and costs. In her Original Petition, Plaintiff specifically asserts that she seeks monetary relief of over

$1,000,000. (*See* Original Petition, ¶ 5).

## IV. CONSENT IS NOT REQUIRED

9. The consent of Diligence is not required to perfect this removal. This is because consent is only required where a party has been properly joined *and* served. See 28 U.S.C. § 1446(b)(2)(A). Diligence has not been served as of the date of this removal.

10. In addition and in the alternative, as discussed below, Diligence's consent is not required because it has been improperly joined as a party to this matter. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

## V. VENUE IS PROPER IN THIS DISTRICT

11. Removal is proper to the United States District Court for the Southern District of Texas, Houston Division because this Court presides over the district and division where the State Court Action was filed (Harris County, Texas). 28 U.S.C. § 1441(a).

## VI. REMOVAL DOCUMENTS

12. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice of Removal is an Index of all matters being filed with this Notice of Removal, which includes the following documents[1]:

   Exhibit 1:   Plaintiffs' Original Petition and Request for Disclosure;

   Exhibit 2:   Docket Sheet; and

   Exhibit 3:   List of all parties and counsel of record;

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Removal will be served on counsel for Plaintiff, and a true and correct copy of this Removal (without exhibits) will be filed with the Clerk of the 55th Judicial District Court of Harris County, Texas.

---

[1] No executed returns of service have been filed with the state court as of this removal nor have any orders been entered to include with the removal papers.

## VI. IMPROPER JOINDER

14. For purposes of determining the appropriateness of this removal and the Court's jurisdiction, Transamerica asserts that the Court may ignore Diligence because it was improperly joined for the purpose of defeating Transamerica's ability to remove this diverse case to this Court.

15. A defendant may not remove a state court civil suit to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of improper joinder, however, allows for removal to federal court despite the fact that non-diverse defendants are named as parties. This is because citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003). Thus, the improper joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

16. Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007), citing *Smallwood,* 385 F.3d at 573. The latter situation is asserted here.

17. Defendants claiming improper joinder based on the second type of improper joinder must show there is no possibility of recovery by the plaintiff against the in-state defendant. *Cuevas v. BAC Home Loans Servicing,* 648 F.3d 242, 249 (5th Cir. 2011). This has been interpreted by the Fifth Circuit to mean the defendant must simply show there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant.

*Id.* A "reasonable basis" means more than a mere hypothetical basis. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

18. To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6) type analysis. *Smallwood,* 385 F.3d at 573. This requires the Court to first look at the leadings to determine whether the allegations state a claim under state law against the non-diverse defendants. *Id.* If a claim is stated, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may then pierce the pleadings and consider summary judgment type evidence. *Id.; Anderson v. GA Gulf Lake Charles,* 342 Fed. Appx. 911, 915-916 (5th Cir. 2009)

19. As applied to this case the foregoing standards require the conclusion that Diligence was improperly joined as a party to this case. This is because Plaintiff's claims fail on their face since the Original Petition fails to assert specific facts supporting each claim. It is a classic case of mere conclusory recitations of elements of causes of action without more. In addition, Plaintiff's claims substantively fail. For example, Plaintiff brings an Insurance Code claim against Diligence but Diligence is not "engage in the business of insurance" such that the Insurance Code does not apply to it. Similarly, Plaintiff failed to identify any statements by Diligence that would constitute defamation under Texas law or that would demonstrate extreme and outrageous behavior. Simply because Plaintiff disagrees with Diligence's findings does not make its behavior illegal or outrageous. In sum, whether a 12(b)(6) or summary-judgment type analysis is performed, Plaintiff's claims against Diligence fail. Therefore, it was improperly joined and should be disregarded by the Court for determining jurisdiction.

## VII. RELIEF REQUESTED

20. For the foregoing reasons, Transamerica respectfully requests that the Court make

such orders and take such actions as may be necessary in connection with the removal of the State Court Action to the United States District Court for the Southern District of Texas, Houston Division, and that Transamerica have such other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

DATED: October 5, 2017.

        Respectfully submitted,

        WINSTEAD PC

By:   */s/ Jason R. Bernhardt*
      J. David Brown
      State Bar No. 0313660
      500 Winstead Building
      2728 N. Harwood Street
      Dallas, Texas 75201
      Telephone: 214-745-5400
      Facsimile: 214-745-5390
      dbrown@winstead.com

      – and –

      Jason R. Bernhardt
      State Bar No. 24045488
      600 Travis, Suite 1100
      Houston, Texas 77002
      Telephone: 713-650-8400
      Facsimile: 713-650-2700
      jbernhardt@winstead.com
      **COUNSEL FOR DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY**